Harper, J.
delivered the opinion of the Court.
The testimony makes out the following case. In 1814, Joseph Martin, who was the legal owner of the land in question, mortgaged it to Robert Cresswell. The mortgage was foreclosed, and the laud bid off by John Garlington, under some agreement, with Cresswell; but no sheriff’s conveyance was ever executed to Garlington. John Madden, the father of defendant, went into possession of the land “ under Garlington,” about 1818, and remained in possession until February, 1825, when Garlington gave him an order for titles on the sheriff. In 1827, or 1828, John Madden gave the defendant an order to the sheriff for titles, but it does not appear that titles have been executed to either. The evidence is, that defendant has cultivated the land for several years past; but there is some evidence of John Madden’s having had possession along with him. The plaintiff recovered a judgment against John Madden in 1827, under which the land was levied on, sold as the property of John Madden, and conveyed to the plaintiff in 1829. The nonsuit, we understand, was ordered on the ground, that the plaintiff had shown no title in John Madden.
That there was a sufficient possession to bar Joseph Martin, the last person in possession under a written title, admits of little doubt. John Madden was in possession from 1818 to 1827, and perhaps to the present time, a period more than long enough for the statute to run out. The question is, whether it must be considered the possession of Garlington up to 1825, or adverse to Garlington. If a party goes into possession under an agreement to purchase, the purchase money being paid, I think his possession will be adverse to the seller. If he enters under such an agreement, the money'not being paid, it will not be adverse until the money is paid. If the money be afterwards paid, I incline to the opinion, that the adverse possession will have relation back to the first entry. According to the testimony, John Madden went into possession “ under Garlington,” whether as tenant, or under an agreement to purchase, does not appear. If under an agree- *323 merit to purchase, there is no direct evidence when the purchase money was paid : the time which has elapsed since he went into possession, may be evidence that it was paid, or it may be presumed that it was paid before the order for titles was given. These were matters proper for the consideration of the jury. The practice of ordering a nonsuit in invitum,, for defect of testimony is to be pursued with caution. If a plaintiff has any prima facie testimony, he has "a right to the verdict of a jury upon it.
There is another view of the case. If the action was against John Madden, it would be sufficient for the plaintiff to show the judgment, and the sheriff’s conveyance, as against him. He would be estopped to deny his title. If the defendant came into possession by collusion with him, for the purpose of hindering creditors, he would stand in the same situation. That they forbore to receive titles from the sheriff for so long a time, and that the order for titles was given to the defendant when John Madden was in debt, and just about the time when the judgment against him was obtained, were circumstances to show this; and the plaintiff was intitled to the verdict of a jury upon them. The motion is therefore granted.